UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20092-CIV-MARTINEZ/GOODMAN

CINDY MONROY,

    Plaintiff,

v.

BERNARD CAP CO., INC.,

    Defendant.

_____/

### FOURTH POST-DISCOVERY HEARING ORDER[1]

On March 13, 2015, the parties appeared before the Undersigned concerning the scheduling of certain depositions. [ECF No. 17]. Specifically, Plaintiff sought to depose three employees of Defendant, including Leonor Fonseca ("Fonseca"), as soon as practicable, but for multiple reasons, the parties were unable to agree on the scheduling of those depositions. [ECF No. 18]. At the March 13, 2015 hearing, Plaintiff's counsel was warned about and accepted the risks of pursuing depositions at such an early stage before written discovery had been obtained. Nevertheless, Plaintiff took Fonseca's deposition on March 25, 2015.

---

[1] This written Order contains an additional provision -- an attorney's fees award -- not specifically mentioned at the hearing.

On July 28, 2015, Plaintiff issued a subpoena to take Fonseca's deposition a second time, based upon certain documents that had been produced from Fonseca's social media accounts the month before. Defendant objects to this subpoena.

The Undersigned held a hearing on August 14, 2015 (the "Hearing"), to address this issue. At the Hearing, the Undersigned **sustained** Defendant's objection to Plaintiff's subpoena and **denied** Plaintiff leave to take Fonseca's deposition a second time.

Pursuant to Federal Rule of Civil Procedure 30, "[a] party must obtain leave of court and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(A)(ii). Federal Rule 26(b)(2)(C) states that discovery should be limited if the Court determines that the requested discovery is (i) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs the likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(i-iii). Furthermore, "the party seeking a court order to extend a deposition or otherwise alter the limitations must show good cause to justify such a court order." *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 2609394, at *3 (S.D. Fla. June 27, 2010) (citing Advisory Committee Note to 2000 Amendment to Fed. R. Civ. P. 30(d)).

The Court finds that no good cause exists to allow Plaintiff to take a second deposition of Fonseca. Rule 26(b)(2)(C) requires that Plaintiff's request be denied because Plaintiff "has had ample opportunity to obtain the information by discovery in the action." *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). Plaintiff's counsel acknowledged that he knew the risks of proceeding with a deposition before written discovery was completed. The Undersigned explained the consequences in detail at the March 13, 2015 hearing, specifically underlining the point that proceeding with depositions at that early stage without yet receiving documents from the deponents or others was a risk. Plaintiff knew ahead of time that depositions could be scheduled after written discovery had been completed, or at least was in progress, so there was ample opportunity for Plaintiff to conduct a fully-informed deposition of Fonseca without resorting to multiple depositions.

Accordingly, Plaintiff's request for leave to conduct a second deposition of Fonseca is **denied**[2] because Plaintiff has not shown good cause to justify subjecting Fonseca to the burden of a second deposition. It was Plaintiff's own strategy to take the deposition before written discovery was completed, which prevents Plaintiff from questioning Fonseca further.

As the party losing this discovery dispute, Monroy (and/or her counsel) is responsible for attorney's fees under Federal Rule of Civil Procedure 37, unless one or

---

[2] If any party appeals this Order to the District Court, then the transcript of the Hearing will need to be ordered, as it further outlines the Undersigned's reasoning.

more of a limited list of exceptions apply. Rule 37 establishes a "loser pays" scenario, and **requires** the Court to enter a costs award, including attorney's fees, unless an exception applies. No exception applies here.

Federal Rule 37(a)(5)(A) provides that the Court "must" require the losing party or attorney or both to pay the costs/fees award, in the absence of an exception. Moreover, the Discovery Procedures Order [ECF No. 13] and the Updated Discovery Procedures Order [ECF No. 24] both specifically caution parties about the rule and its requirement that fees be awarded unless an exception applies. Furthermore, in the Third Post Discovery Hearing Order, the Undersigned specifically noted that it is the typical practice to "award fees to prevailing parties in discovery disputes[.]" [ECF No. 34, p. 2]. The Undersigned does not believe that *Plaintiff* should pay the award, as it seems that it was her *attorney* who stridently persisted in the position that he should be able to take a second deposition of a fact witness. Therefore, it is Plaintiff's counsel[3] who will pay the fees award -- of **$350** -- by August 28, 2015.

If any party (or counsel of record) objects to either the fees award or the amount of the award, then the Court will hold a hearing if an objection is filed by August 26,

---

[3] The Undersigned does not consider a Rule 37(a)(5)(A) expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unsuccessful discovery positions. Thus, this Order would not require Plaintiff's counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if he had ever been sanctioned or disciplined.

4

2015. If the challenge is to the amount, then counsel for both sides will be required to submit their billing records for the time in question.

Finally, Plaintiff's counsel shall not, either directly or indirectly, pass on the fees award to his client. Plaintiff's counsel shall submit an affidavit of compliance, confirming that the payment was made, to the Court's e-file inbox (goodman@flsd.uscourts.gov) within three days of making the payment. This is the e-file inbox, not the official CM/ECF filing protocol for pleadings, motions and other Court submissions.

**Done and Ordered,** in Chambers, in Miami, Florida, August 15, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record
Hon. Jose E. Martinez